UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:11-cv-21567

LIBERTY MEDIA HOLDINGS, LLC

    Plaintiff,

v.

BITTORRENT SWARM OF NOVEMBER 15, 2010,
TO JANUARY 28, 2011, SHARING HASH VALUE
AE340D0560129AFEE8D78CE07F2394C7B5BC9C05
AND COMPRISING DOES 1-38,

    Defendants.

_____/

**PLAINTIFF'S MOTION
FOR ENLARGEMENT OF TIME TO HOLD A SCHEDULING CONFERENCE**

Plaintiff, Liberty Media Holdings (hereinafter "Liberty" or the "Plaintiff") files this Motion for Enlargement of Time to Hold a Scheduling Conference in the above-captioned case through its counsel, Randazza Legal Group. Plaintiff seeks an extension of the deadline, set by the Court's Order of July 12, 2011 (Doc. No. 7), for all parties to hold a Scheduling Conference. More specifically, Plaintiff seeks an enlargement of time sufficient to hold a scheduling conference no later than twenty (20) days after the filing of the first responsive pleading by the last responding defendant.

**MEMORANDUM OF LAW AND POINTS OF AUTHORITY
IN FAVOR OF PLAINTIFF'S MOTION
FOR ENLARGEMENT OF TIME TO HOLD A SCHEDULING CONFERENCE**

**I.   Statement of Facts**

On May 3, 2011, Plaintiff filed its Complaint (Doc. No. 1) for Copyright Infringement, Contributory Copyright Infringement, Civil Conspiracy, and Negligence, against thirty-eight unidentified John Doe defendants (the "Doe Defendants"). After filing its Complaint, Plaintiff

moved for permission to seek discovery on May 4, 2011, in order to ascertain the true names and identities of the Doe Defendants. (Doc. No. 4.)

After Plaintiff's motion for early discover was filed, while Plaintiff was awaiting a decision on its motion for early discovery, the instant action was reassigned to Judge K. Michael Moore on July 11, 2011. Thereafter, on July 12, 2011, the Court entered Pretrial Order (Doc. No. 7), which in pertinent part set a deadline of ten (10) days from the Order for all parties to hold a Scheduling Conference. As of the date of this Motion for Enlargement of Time to Hold a Scheduling Conference, Plaintiff's motion for early discovery is pending a decision from the Court.

Since the information required to ascertain the true names and identities of the Doe Defendants is protected by the Cable Privacy Act, 47 U.S.C. § 551, Plaintiff is required to seek an order from the Court permitting disclosure, by their respective internet service providers, of the personally identifying information (i.e., the information necessary to name and serve them with the Complaint and Summons) associated with the IP addresses used by the Doe Defendants. Unless and until its motion for early discovery is favorably decided, it will be impossible for Plaintiff to identify the Doe Defendants for purposes of conducting a Scheduling Conference. Even after Plaintiff's motion is decided, there will be a notice period during which the affected cable subscribers will be permitted to oppose Plaintiff's discovery of their personally identifying information. In a "best case scenario," seventy-five to ninety days will have passed, from the date that Plaintiff's motion is decided, to the date on which the Doe Defendants have been sufficiently identified, served, given an opportunity to answer, and a Scheduling Conference can be convened.

Plaintiff is prepared to issue subpoenas to the affected internet service providers seeking the personally identifying information associated with the IP addresses cited in its Complaint. However, at this time, none of the Doe Defendants has been identified, and no defendants have yet been served with a copy of the Complaint or a Summons.

II. **Legal Argument**

District Courts have broad discretion in managing their cases. *Chrysler Int'l v. Chenaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). *See also, Johnson v. Bd. of Regents of Univ. Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001). Accordingly, this Court has the authority to grant the relief herein requested by Plaintiff.

For the above-stated reasons, Plaintiff must ask for additional time to hold a Scheduling Conference in which all of the parties, once identified and served with the Complaint and Summons, would be required to participate. However, without the benefit of knowing how long disclosure, by the as yet subpoenaed internet service providers, of account information sufficient to identify and serve the Doe Defendants, Plaintiff cannot guess a date certain by which all parties will be able to convene a Scheduling Conference. Plaintiff can state, with a fair degree of certainty, that a Scheduling Conference will be held within twenty (20) days after the filing of the first responsive pleading by the last responding defendant.

//
//
//
//
//
//

## Conclusion

Given the nature of this Action, and specifically the time requirements for identification of all parties, Plaintiff respectfully requests an enlargement of time to hold a Scheduling Conference. The amount of time needed will be no more than twenty (20) days after the filing of the first responsive pleading by the last responding defendant.

Dated: July 12, 2011                                    Respectfully submitted,

**RANDAZZA LEGAL GROUP**

_s/Jason A. Fischer_
Marc J. Randazza (625566)
mjr@randazza.com
Jason A. Fischer (68762)
jaf@randazza.com
RANDAZZA LEGAL GROUP, P.A.
2 South Biscayne Blvd, Suite 2600
Miami, Florida 33131-1815
Telephone: (305) 479-2491
Facsimile: (305) 397-2772

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that no service is required of the foregoing, as no party other party has yet made an appearance in this Action.

_s/Jason A. Fischer_