### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:11-cv-21567-KMM

LIBERTY MEDIA HOLDINGS, LLC,

      Plaintiff,

vs.

BITTORRENT SWARM, et al.,

      Defendants.

_____/

### OPINION AND ORDER

THIS CAUSE came before the Court upon a *sua sponte* examination of the record.

UPON CONSIDERATION of the Complaint, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## I.   BACKGROUND[1]

Plaintiff Liberty Media Holdings, LLC is the registered owner of the copyright to the motion picture, "Corbin Fisher Amateur College Men Down on the Farm" ("Motion Picture"). On May 3, 2011, Plaintiff filed a Complaint against John Does 1–38 for allegedly infringing Plaintiff's exclusive rights in the Motion Picture.  According to Plaintiff, Defendants were all users of "BitTorrent," a "peer-to-peer file sharing protocol used for distributing and sharing data on the Internet." Am. Compl. ¶ 135.

Unlike traditional peer-to-peer ("P2P") networks that require a user to download a file from a single source, the BitTorrent protocol decentralizes distribution of a file by allowing users

---

[1] The facts herein are taken from Plaintiff's Complaint (ECF No. 1) and Plaintiff's First Amended Complaint (ECF No. 18).

to join a "swarm"[2] of hosts to download and upload from each other simultaneously. The process begins with one user, commonly referred to as a "seed," who makes the file available. The seed then creates a "torrent" file containing (1) a unique string of alphanumeric characters used to verify the data of the underlying file that is being transferred, and (2) a "roadmap" to the IP addresses of other users who are sharing the file identified by the unique hash code. Am. Compl. ¶ 135(a). Other users, referred to as "peers," then download the torrent file, which in turn, allows them to identify and download from other peers who possess portions of the file described by the torrent. As each peer downloads a new piece of the file the peer becomes a source of that piece to other peers. Once a peer has accumulated enough individual pieces of the file, software allows the peer to reassemble the aggregate file.

Upon filing its Complaint, Plaintiff filed an ex parte motion to engage in Early Discovery (ECF No. 4) for the purpose of identifying John Does 1–38. On September 12, 2011, Plaintiff filed an Amended Complaint. Since filing its Amended Complaint, Plaintiff has voluntarily dismissed a number of Defendants. Currently, John Does 1, 2, 5, 12–15, 21–22, 24–26, 30–34, and 36 are the only remaining Defendants. This Court now takes up the issue of whether Defendants have been properly joined.

## II.    STANDARD OF REVIEW

"On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Federal Rule of Civil Procedure 20(a)(2) provides, in relevant part:

> (2) Defendants.
> Persons — as well as a vessel, cargo, or other property subject to admiralty process in rem — may be joined in one action as defendants if:
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

---

[2] A "swarm" refers to all users—peers and hosts—who share a particular file. See infra.

(B) any question of law or fact common to all defendants will arise in the
action.

Fed. R. Civ. P. 21(a)(2). "[T]he central purpose of Rule 20 is to promote trial convenience and

expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." Alexander v.

Fulton Cnty., Ga., 207 F.3d 1303, 1323 (11th Cir. 2000). "Under the Rules, the impulse is

toward entertaining the broadest possible scope of action consistent with fairness to the parties;

joinder of claims, parties and remedies is strongly encouraged." United Mine Workers v. Gibbs,

383 U.S. 715, 724 (1966). "The Federal Rules, however, also recognize countervailing

considerations to judicial economy." Alexander, 207 F.3d at 1324. A motion for joinder may be

denied if it would result in "prejudice, expense or delay." 7 Charles Alan Wright, et. al., Federal

Practice and Procedure § 1652, at 396 (2001). "The district court has broad discretion to join

parties or not and that decision will not be overturned as long as it falls within the district court's

range of choices." Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002).

## III.   ANALYSIS

### A.  Joinder

Numerous courts have found that alleged copyright infringement through the use of P2P

networks is insufficient to sustain permissive joinder. See Hard Drive Prods., Inc. v. Does 1–

188, 2011 WL 3740473, at *7–9 (N.D. Cal. Aug. 23, 2011) (analyzing pre-BitTorrent P2P case

law). Courts, however, have struggled to uniformly apply this case law to actions involving the

use of BitTorrent technology. Consequently, courts have split as to whether joinder under Rule

20 is appropriate in actions alleging copyright infringement against a BitTorrent swarm. See

Hard Drive Prods., Inc. v. Does 1–55, 2011 WL 4889094, at *5 (N.D. Ill. Oct. 12, 2011) (finding

joinder appropriate); Donkeyball Movie, LLC v. Does 10–1520, 2011 WL 1807452, at *4

(D.D.C. May 12, 2011) (same). But see Hard Drive Prods., Inc. v. Does 1–30, 2011 WL

3

4915551, at *4 (E.D. Va. Oct. 17, 2011) (finding joinder inappropriate); Hard Drive Prods., Inc.,

2011 WL 3740473, at *7–15 (same).

In Hard Drive Prods., Inc., the court analyzed whether joinder of 188 defendants alleged

to be members of the same BitTorrent swarm was appropriate. In support of the court's decision

finding misjoinder, the court stated:

> Does 1–188 did not participate in the same transaction or occurrence, or the same
> series of transactions or occurrences. Under the BitTorrent Protocol, it is not
> necessary that each of the Does 1–188 participated in or contributed to the
> downloading of each other's copies of the work at issue—or even participated in
> or contributed to the downloading by any of the Does 1–188. Any "pieces" of the
> work copied or uploaded by any individual Doe may have gone to any other Doe
> or to any of the potentially thousands who participated in a given swarm. The bare
> fact that a Doe clicked on a command to participate in the BitTorrent Protocol
> does not mean that they were part of the downloading by unknown hundreds or
> thousands of individuals across the country or across the world.

Id. at *13. The court cited an exhibit submitted by the plaintiff that detailed the defendants'

BitTorrent activity. The activity of the defendants occurred on "different days and times over a

two-week period," and according to the court, this supported the court's finding that though the

defendants may have participated in the same swarm, there was "no evidence to suggest that

each of the [defendants] 'acted in concert' with all of the others." Id.

In the instant case, Plaintiff has voluntarily dismissed all but eighteen Defendants alleged

to have used BitTorrent to infringe Plaintiff's copyright in the Motion Picture. Plaintiff provides

information regarding BitTorrent usage and activity for the Defendants. A close examination of

Defendants' activity reveals that all remaining Defendants used BitTorrent on different days and

at different times over a two-month period. Even if Defendants did use BitTorrent at the same

time, however, due to the decentralized operation of BitTorrent, this fact alone would not imply

that Defendants "participated in or contributed to the downloading of each other's copies of the

work at issue." Id. Merely participating in a BitTorrent swarm does not equate to participating

in the same "transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P.

21; see LaFace Records, LLC v. Does 1–38, 2008 WL 544992, at *7 (E.D.N.C. Feb. 27, 2008) ("[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder."). As a result, this Court concludes that joinder of Defendants in this action does not satisfy Rule 20(a).

    B.  Severance

Federal Rules of Civil Procedure 20(a)(2) provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Moreover, even if joinder is appropriate, a court may, "For convenience, to avoid prejudice, or to expedite and economize," order a separate trial of one or more claims. Fed. R. Civ. P. 42(b).

This Court finds it appropriate to exercise its discretion to sever and dismiss all but Defendant John Doe 1, identified by the Internet Protocol address 68.204.43.200, from the current action.    Even   if   joinder   were   appropriate,   severance   is necessary to avoid causing prejudice and unfairness to Defendants, and to expedite and economize the litigation.  Plaintiff has already requested on two separate occasions an extension to hold a joint scheduling conference.  Such delay is directly attributable to the joinder of Defendants in this action.  Moreover, "permitting joinder would force the Court to address the unique defenses that are likely to be advanced by each individual Defendant, creating scores of mini-trials involving different evidence and testimony." Hard Drive Prods., Inc., 2011 WL 3740473, at *14.  Finally, permissive joinder of Defendants would likely prejudice Defendants due to the numerous logistical burdens that would arise.  See id. ("[E]ach defendant must serve each other with all pleadings—a significant burden when, as here, many of the defendants will be appearing pro se and may not be e-filers. Each defendant would have the right to be at each other defendant's deposition—creating a thoroughly unmanageable situation. The courtroom

proceedings would be unworkable—with each of the [Defendants] having the opportunity to be present and address the court at each case management conference or other event. Finally, each defendant's defense would, in effect, require a mini-trial.").

## IV.    CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that all Defendants, with the exception of Defendant John Doe 1, identified by the Internet Protocol address 68.204.43.200, are SEVERED from the current matter.  It is further

ORDERED AND ADJUDGED that all claims against severed Defendants are DISMISSED without prejudice for refiling in separate actions.  It is further

ORDERED AND ADJUDGED that because all severed Defendants have now been dismissed, all subpoenas seeking discovery regarding all Defendants, with the exception of Defendant John Doe 1, are QUASHED.  It is further

ORDERED AND ADJUDGED that all pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this /5 day of November, 2011.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record